## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CARRIE LOOMIS, as Trustee of the LOST CREEK TRUST, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 2:20-cv-00110-REB <br><br> **MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION TO DISMISS (DKT. 14)** |

Pending are Defendant's Motion to Dismiss (Dkt. 14) and Plaintiff's Motion to Take Judicial Notice (Dkt. 17). Having carefully considered the record, participated in oral argument, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## BACKGROUND

Plaintiff, as the trustee of Lost Creek Trust, sues the federal government, seeking a refund of proceeds paid to the Internal Revenue Service from the sale of a certain parcel of real property in Kootenai County, Idaho known as the "Winch Road Property." The proceeds at issue in this suit were applied to the tax debt of a third party, Christopher Close ("Close"). Plaintiff maintains that the Lost Creek Trust, for which she serves as Trustee, and not Close, was the rightful owner of the property at the time of the sale in 2019.

There is disagreement between the parties about the ownership of the Winch Road Property prior to its 2019 sale. In 2003, Close and a business partner, Mike Leach, exercised a purchase option on the Winch Road Property and the property was then conveyed to the Lost

**MEMORANDUM DECISION AND ORDER RE: DEF.'S MOTION TO DISMISS – 1**

Creek Trust.  Later in that same year, Close was criminally indicted[1]for and and later convicted of multiple counts of health care fraud, money laundering, and other federal offenses.  In 2005, the United States obtained a preliminary order of property forfeiture in Close's criminal case. That order included the Winch Road Property.

 Shortly after the preliminary forfeiture order was entered in 2005, the Lost Creek Trust filed a Petition to Adjudicate Third-Party Interest in the case.  That Petition was pending until 2016, when the court granted the Government's motion to dismiss the petition.  The court ruled that the transfer of the Winch Road Property to Lost Creek Trust in 2003 by Close and Leach was fraudulent and voidable under Idaho law.  The court further ruled that Close had a 50% ownership interest in the Winch Road Property at the time of the forfeiture.

While the Petition to Adjudicate Third-Party Interest was pending in the ancillary forfeiture proceeding, a separate case regarding Close's tax liabilities was adjudicated in the United States Tax Court.  That case culminated in Tax Court Memorandum 2014-25 in *Close v. Comm'r*, Docket No. 20645-07.  In that 2014 decision, the Tax Court held that the Lost Creek Trust, not Close, owned the Winch Road Property.  Moreover, the decision criticized what it described as the "Government's misguided attempt to position itself for an easy forfeiture of the trusts' assets," including the Winch Road Property.  *Close v. Comm'r*, Dkt. No. 20645-07 at 46.

Plaintiff seeks a refund of the 2019 sale proceeds paid over to Defendant against Close's tax liabilities.  She contends that Close had no ownership interest in the Winch Road Property at the time of sale, so Defendant had no authority to take such proceeds.  Defendant moves for dismissal of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) on jurisdictional and legal grounds.

---

[1] *See* District of Idaho case 2:03-cr-00069-EJL.

**MEMORANDUM DECISION AND ORDER RE: DEF.'S MOTION TO DISMISS – 2**

The parties do not dispute that Plaintiff did not file a claim for refund with Defendant prior to bringing this action.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction.  The party bringing the case in federal court must demonstrate that jurisdiction is proper in that court.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Thus, the plaintiff bears the burden of proof on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.  *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).  If there is no subject matter jurisdiction, the claim must be dismissed.  Fed. R. Civ. P. 12(h)(3).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court "must take all of the factual allegations in the complaint as true," but it is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* at 678; *see also Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."  *Caviness v. Horizon Comm. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (citation omitted).

**MEMORANDUM DECISION AND ORDER RE: DEF.'S MOTION TO DISMISS – 3**

## DISCUSSION

### 1.  Plaintiff's Motion to Take Judicial Notice Is Granted.

Plaintiff's Motion to Take Judicial Notice seeks to have one page of the related proceeding before the United States Tax Court considered as part of the record in this case. (Dkt. 17.)  Specifically, Plaintiff wants page 46 of the Memorandum Findings of Fact and Opinion in *Close v. Comm'r*, Docket No. 20645-07, admitted to the record.  Defendant does not oppose the motion.  (Dkt. 21 n.1.)

Taking judicial notice of the Tax Court decision is appropriate under Federal Rule of Evidence 201 and the Court therefore will grant the motion.  As discussed during the hearing on these motions, however, the entire decision – rather than merely the single page Plaintiff requests – is admitted as part of the record of this case, which will provide a full context to the decision.

### 2.  Defendant's Motion to Dismiss Is Granted on Administrative Exhaustion Grounds.

Defendant contends this Court lacks jurisdiction to hear and decide Plaintiff's claim because the Government has not waived sovereign immunity with respect to third-party refund claims such as Plaintiff's and because Plaintiff failed to file a refund claim with the IRS prior to bringing the claim.  The Court concludes this action is subject to dismissal for lack of subject matter jurisdiction because the undisputed facts show Plaintiff did not comply with the administrative exhaustion requirement set forth in 26 U.S.C. § 7422(a).  Accordingly, the Court does not reach Defendant's argument regarding the waiver of sovereign immunity or its argument that Plaintiff's Complaint is subject to dismissal under Rule 12(b)(6) for failure to state a claim.  No opinion is expressed on those issues.

Section 7422(a) of Title 26, United States Code, provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been

**MEMORANDUM DECISION AND ORDER RE: DEF.'S MOTION TO DISMISS – 4**

erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance therefore."

Plaintiff admits she has not filed a claim for refund with the Secretary.  However, she contends her claim should not be dismissed because a pre-suit requirement to exhaust administrative remedies may be waived when it would be futile to require compliance.  Plf.'s Resp. 6–7 (Dkt. 16).  In support of this proposition, she cites several cases, addressed below.

In *National Resources Defense Council, Inc. v. Train*, 510 F.2d 692, 703 (D.C. Cir. 1974), the court held that a "court may promptly proceed to the merits of the action when it is confident or becomes confident that agency recourse is futile, as where the agency's position is firm."  *Train*, however, is inapposite to this dispute.  The *Train* case involved a citizen suit against the Environmental Protection Agency in which the plaintiff had not given 60 days' notice to the agency prior to commencing suit, as required by the Water Pollution Control Act at 33 U.S.C. § 1365(b).  Although the *Train* court treated the notice requirement as an administrative exhaustion requirement, it also noted that "the notice provision … is not a jurisdictional prerequisite" under the statutes implicated in the case.  *Id.*  In this case, however, the 26 U.S.C. § 7422(a) requirement to file a claim with the IRS prior to commencing suit *is* jurisdictional. *Boyd v. U.S.*, 762 F.2d 1369 (9th Cir. 1985).  Moreover, on the facts of the case in *Train*, the court was persuaded there was no reason to believe that further agency consideration might resolve the dispute, because "the agency's position with regard [to the relevant issues] is firmly rooted."  510 F.2d at 703.  Here, however, the Court is not persuaded that the agency's position

**MEMORANDUM DECISION AND ORDER RE: DEF.'S MOTION TO DISMISS – 5**

with respect to the ownership of the Winch Road Property is so firmly rooted as to justify

excusing the statutory requirement for Plaintiff to exhaust administrative remedies.

Plaintiff next quotes from *Silver v. Babbitt*, 924 F. Supp. 976, 987 (D. Ariz. 1995), which

held that exhaustion is futile, and therefore waived, when there is no practical purpose in having

an agency develop a complete factual record and apply its expertise and discretion.  Plaintiff

contends that

> From the Motion to Dismiss, it is very clear that the agency's position on
> the only issue in this case – the ownership of the subject property – is that the
> determination of District Court in Case No. CR-03-069-N-EJL that Christopher
> Close and not the trustee owned the property controls the determination of that
> issue.  We already know the position the agency will take when a claim for refund
> is filed and that position is based on two different legal arguments.  Agencies have
> no expertise in the application of the principles of res judicata or collateral estoppel
> or statutory interpretation and any determination that the agency may formally
> make is subject to de novo review anyway. *Blasi v. Williams*, 775 F.2d 1017, 1018
> (9th Cir. 1985).

Plf.'s Resp. 7 (Dkt. 16).  The Court is not persuaded that the IRS lacks the expertise indicated,

especially regarding statutory interpretation, as the Government employs numerous experienced

and capable attorneys.

More fundamentally, the Court is simply not persuaded on the current record that the

agency will necessarily take the same position with respect to the ownership of the Winch Road

Property in any potential administrative claim Plaintiff may file that it took in the ancillary

forfeiture proceeding in Mr. Close's criminal case.  There may well be exasperation from

Plaintiff's perspective about the position taken by the IRS to this point in time in regard to the

claim for a refund, but exasperation is just that, and it is not sufficient to establish futility, even if

Plaintiff feels certain that the IRS will not grant an administrative refund claim.  At this

particular point in time, even though it is years removed from the original events which gave rise

**MEMORANDUM DECISION AND ORDER RE: DEF.'S MOTION TO DISMISS – 6**

to Plaintiffs' claim for an administrative refund, it is not a foregone conclusion that the agency will or must deny such a claim.

Moreover, as in the *Train* case, the *Silver* case did not involve the jurisdictional exhaustion requirement contained in the Internal Revenue Code at 26 U.S.C. § 7422(a).  *Silver* involved a pre-suit notice requirement under the Endangered Species Act that was like the notice requirement at issue in *Train*.  Additionally, one reason relied upon by the court in *Silver* for a waiver of the exhaustion requirement was that "there [was] no room for exercise of agency discretion" with respect to the claim at issue in the case, as the provisions of the relevant statute were "clear and mandatory" and the Ninth Circuit had "clearly set forth the obligations" of the agency in a separate case.  *Silver*, 924 F.Supp. at 987.  Here, by contrast, there is room for exercise of agency discretion with respect to the refund claim, and thus Plaintiff's reliance on *Silver* is not persuasive.

In short, Plaintiff has not exhausted her administrative remedies.  The exhaustion requirement in 26 U.S.C. § 7422(a) is jurisdictional and the Court is not persuaded that it can or should be waived.  The authorities Plaintiff relies upon are too remote on their facts, or inapposite on the applicable law, to support her argument here.  Thus, the Court declines to borrow from the holdings in those cases to this matter and declines to waive the jurisdictional administrative requirement set forth in 26 U.S.C. § 7422(a).  Accordingly, Defendant's motion to dismiss will be granted under Federal Rule of Civil Procedure 12(b)(1) because it has shown this Court presently lacks subject matter jurisdiction over this matter.

\ \ \

\ \ \

\ \ \

**MEMORANDUM DECISION AND ORDER RE: DEF.'S MOTION TO DISMISS – 7**

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion to Take Judicial Notice (Dkt. 17) is GRANTED; and

2. Defendant's Motion to Dismiss (Dkt. 14) is GRANTED.  Plaintiff's Complaint is

    DISMISSED, WITHOUT PREJUDICE.  The Clerk's Office is directed to close the case.



DATED:  **January 29, 2021.**

_____

Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER RE: DEF.'S MOTION TO DISMISS – 8**